IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMANDA BAULDREE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 17-0400-KD-MU |
| | ) |
| DREW MARKY and JOHN DOES 1-5 | ) |
| (ESCAMBIA COUNTY JAILERS) | ) |
| | ) |
|    Defendants. | ) |

## ORDER

This action is before the Court on *sua sponte* review of its subject matter jurisdiction. A "federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1193 (2010).

Plaintiff Amanda Bauldree filed her complaint on September 1, 2017 (doc. 1).[1] She alleges that on or about August 28, 2015, defendant Drew Marky struck her in the face during a domestic dispute. Bauldree was arrested for disorderly conduct and taken to the Escambia County Jail. She told the Escambia County Jail jailers, John Does 1-5, that she had severe jaw pain. Her requests for medical attention were ignored and she was not seen by a health care provider. Upon release, she was diagnosed and treated for a broken jaw. Bauldree claims that John Does 1-5 were deliberately indifferent to her serious medical needs in violation of the

---

[1] Bauldree states that the complaint was initially filed on August 28, 2017, in the Northern District of Alabama on the mistaken belief that venue was proper in that district. Upon realizing the mistake, the action was filed here.

Fourteenth Amendment (Count One). She also claims assault and battery against Defendant Marky (Count Two).

Bauldree's constitutional claim against John Does 1-5, brought pursuant to 42 U.S.C. § 1983, provides the basis for subject matter jurisdiction in this Court. *See* 28 U.S.C. § 1331 (district court has original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States."). As to Defendant Marky, Bauldree invokes the Court's supplemental jurisdiction under 28 U.S.C. § 1367. The statute sets forth, in relevant part, as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

"That 'case or controversy' standard 'confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim.'" *Malphurs v. Cooling Towers Sys. Inc.*, 709 F. App'x 935, 939 (11th Cir. 2017) (quoting *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997)). "In deciding whether a state law claim is part of the same case or controversy as a federal issue, we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Id*. (quoting *Hudson v. Delta Air Lines*, Inc., 90 F.3d 451, 455 (11th Cir. 1996)). "[O]rdinarily" this "determination [is] based on the parties' pleadings[.]" *Id.* (quoting *Lucero*, 121 F.3d at 598). The courts also look to whether the federal and state claims "are of such a nature that a plaintiff would be expected to try them all in the same proceeding." *Edwards v. Okaloosa County,* 5 F 3d 1431, 1433 (11th Cir. 1993)

(citation omitted).

In the complaint, Bauldree alleges that "Drew Marky struck Amanda Bauldree in the face in Escambia County, Alabama, during a domestic dispute." (Doc. 1, p. 3). Bauldree also alleges that she was "arrested for disorderly conduct after the domestic dispute in which she was struck in the face." (*Id.*). With respect to Count Two for assault and battery, Bauldree alleges that Marky "intentionally assaulted and physically battered" her "with the intent to harm … when he struck her in the face." (*Id.*, p. 5). Bauldree does not allege that the jailers, John Does 1-5, participated in the assault and battery, or were involved in any manner in the domestic dispute with Marky. Instead, Bauldree's allegations against John Does 1-5 outline actions or inactions regarding her requests for medical care for her jaw pain that occurred at the Escambia County Jail after the domestic dispute ended with her arrest for disorderly conduct. Bauldree does not allege that Marky was involved in any manner with the jailers' response or lack thereof to her requests for medical care for her jaw pain.

The facts alleged in support of Bauldree's constitutional claim and her state law claim are not the "same facts", nor do they "involve similar occurrences, witnesses or evidence." *Malphurs*, 709 F. App'x at 939. There is no expectation that Bauldree would try her claims against Marky with her constitutional claim against John Does 1-5 in the same proceeding. *Edwards,* 5 F 3d at 1433. Since the Court does not have a basis for supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law assault and battery claim against Marky, **Count Two is dismissed without prejudice for lack of subject matter jurisdiction.**

**DONE** and **ORDERED** this the 27th day of March 2018.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

3