# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| AMANDA BAULDREE, | : | |
| Plaintiff, | : | |
| vs. | : | CA 17-0400-KD-MU |
| DREW MARKY and JOHN DOES 1-5 (ESCAMBIA COUNTY JAILERS), | : : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

Plaintiff initially filed a civil action in this Court on September 1, 2017, alleging (in Count One) a § 1983 claim of deliberate indifference to medical needs against John Does 1-5 (Escambia County jailers) and a state-law assault and battery claim against Drew Markey in Count Two. (*See* Doc. 1.) By Order dated March 27, 2018, the Court dismissed without prejudice Count Two of Plaintiff's complaint (Doc. 11), leaving only the Count One § 1983 claim against John Does 1-5 (*compare id. with* Doc. 1). Therefore, by Order dated March 28, 2018, the undersigned advised Plaintiff that the remaining claim against defendants identified as John Does 1-5 was an example of fictitious-party pleading, which is normally not permitted in federal court (Doc. 12, at 1, citing *Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir. 2010)), and further advised Plaintiff that while her identification of John Does 1-5 as Escambia County jailers did not appear to be a specific enough identification to be mere "surplusage" (*see id.* at 1-2 (citing *Richardson, supra,* which recognized the Eleventh Circuit's limited exception to the general rule when the plaintiff's description is so specific as to be 'at the very worst,

surplusage.'")), she was extended the opportunity to establish, by not later than April 11, 2018, that her case now falls within the exception recognized by this Court in *Quad Int'l, Inc. v. Doe,* 2013 WL 718448, *3 (S.D. Ala. Jan. 7, 2013) "'allowing a plaintiff to name fictitious party defendants where discovery is needed to determine the identity of such persons.'" (Doc. 12, at 2, quoting *Quad Int'l, Inc.*) Plaintiff was also informed that to the extent she believed her case now falls within the exception recognized in *Quad Int'l, Inc.*, she should "attach to her response to this Order the limited discovery she proposes to serve and indicate upon whom she proposes to serve the discovery." (Doc 12, at 2 n.1.) Finally, the undersigned informed Plaintiff that if she "no longer wishes to continue to pursue this action against the fictitious parties, or she fails to respond to this Order by April 11, 2018, he will recommend that her action be dismissed without prejudice." (*Id.* at 2-3.) To date, Plaintiff has not responded in any manner to the undersigned's March 28, 2018 Order. (*See* Docket Sheet.)

An action may be dismissed if a plaintiff fails to prosecute it or if she fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, Plaintiff has not responded to the Court's Order dated March 28, 2018, instructing her to establish that her case now falls within the exception recognized in *Quad Int'l, Inc.*, not later than April 11, 2018. (*Compare* Docket Sheet *with* Doc. 12.)

Therefore, it is recommended that the Court **DISMISS WITHOUT PREJUDICE** the Plaintiffs' civil action, pursuant to Fed.R.Civ.P. 41(b), due to her failure to prosecute this action by complying with this Court's lawful order.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 25th day of April, 2018.

    s/P. BRADLEY MURRAY
    **UNITED STATES MAGISTRATE JUDGE**